JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES JUDKINS, an Individual

### DEFENDANTS
GEOVERA HOLDINGS, INC., a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff  SOLANO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SOLANO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SPENCER F. SMITH, ESQ.; DOW W. PATTEN, ESQ.
THE LAW OFFICE OF SPENCER SMITH, P.C.
353 SACRAMENTO ST. SUITE 1120
SAN FRANCISCO, CA 94111 (415) 402-0084

Attorneys (If Known)

11-5415 MEJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | [X] 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.§ 12112-12117; 42 U.S.C. § 12203(A)

Brief description of cause:
Employment Discrimination based on disability, retaliation, failure to accommodate.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

DATE
November 8, 2011

SIGNATURE OF ATTORNEY OF RECORD

SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. Of Counsel (SBN: 135931)
LAW OFFICES OF SPENCER F. SMITH
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 520-6950
Facsimile (415) 520-0104

Attorney for Plaintiff
JAMES JUDKINS




IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JUDKINS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GEOVERA HOLDINGS, INC., a Delaware Corporation, and DOES 1-20,<br><br>Defendants. | Case No. 34-2010-00093658<br>CV 11 5415<br>COMPLAINT<br><br>(1) DISCRIMINATION BASED ON DISABILITY, Americans with Disabilities Act of 1990 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).<br>(2) RETALIATION, [ 42 U.S.C. 12203(A)]<br>(3) DISCRIMINATION BASED ON DISABILITY [Gov't. Code § 12940(a)]<br>(4) FAILURE TO ACCOMMODATE [Gov't Code § 12940(m)]<br>(5) FAILURE TO ENGAGE IN THE INTEREACTIVE PROCESS [Gov't Code § 12940(n)]<br>(6) RETALIATION [Gov't Code §§ 12945.1, et seq; 2 C.C.R. § 7297.7(a)] |

**JURY TRIAL DEMANDED**

1. This is an individual action brought by Plaintiff JAMES JUDKINS, a former employee with disabilities of DEFENDANT GEOVERA HOLDINGS, INC., ("GEOVERA") against GEOVERA ; and DOES 1 through 10. Plaintiff's claims against his former employer, GEOVERA, allege violations of the Americans with Disabilities Act of 1990 ("ADA") [42

1

COMPLAINT

12117, amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166]and the California Fair Employment and Housing Act [subdivisions (a), (m) & (n) of section 12940 of the Government Code] ("FEHA") which prohibit discrimination against an employee with a disability, failure to provide reasonable accommodation, and failure to engage in an interactive process. Plaintiff brings this action for general, compensatory, and punitive damages; prejudgment interest, costs and attorneys' fees; injunctive and declaratory relief; and other appropriate and just relief resulting from Defendants' unlawful conduct, and as grounds therefor alleges:

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction over the ADA and FMLA claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's transactionally-related state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in the Northern District of California, as a substantial part of the events and omissions giving rise to this claim occurred in the GEOVERA of Fairfield, California.

4.    At all material times herein, Plaintiff James Judkins ("JUDKINS" or "Plaintiff") had continuously been an employee of Defendant GEOVERA, a citizen of the United States and California; and a resident of Solano GEOVERA, California.

5.    At all material times herein, Plaintiff was an individual with disabilities within the meaning of Section 12926(i) & (k) of the Government Code.

6.    On information and belief, at all material times herein, Defendant is a Delaware Corporation and is operating in Solano GEOVERA, California, in the business of selling earthquake insurance policies.

7.    At all material times herein, GEOVERA has continuously been an employer within the meaning of ADA [29 C.F.R. § 825.105(C)], CFRA [Government Code § 12945.2(b)(2)], FEHA

COMPLAINT

[Government Code § 12926(d)], engaged in interstate commerce and regularly employing more than fifty employees within seventy-five miles of Plaintiff's workplace.

8.  The true names and capacities of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to set forth the true names and capacities of said Defendants when they are ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times relevant, each of the fictitiously-named Defendants was an agent, employee, or co-conspirator of one or more of the named Defendants, and was acting within the course and scope of said agency or employment. Plaintiff is further informed and believes, and upon such information and belief alleges, that each of the fictitiously named Defendants aided, assisted, approved, acknowledged and/or ratified the wrongful acts committed by Defendants as alleged herein, and that Plaintiff's damages, as alleged herein, were legally caused by such Defendants.

9.  Plaintiff has exhausted his administrative remedies by filing a Complaint with the Equal Opportunity Commission, receiving a right-to-sue letter on August 19, 2011; Plaintiff exhausted his administrative remedies as to his state law claims by receiving a right-to-sue letter from the Department of Fair Employment and Housing on July 21, 2011.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.  Plaintiff JUDKINS, was hired by GEOVERA on April 1, 2005 as a Customer Service Representative. At the time of his hire JUDKINS informed the interviewing managers Vivian Sanchez and Dianne Benvenistia about the fact that he had a kidney transplant in 2002.

10. Shortly after starting with GEOVERA JUDKINS kidney began to fail, which required JUDKINS to take time off. As soon as JUDKINS began to take time off GEOVERA took issue with his attendance.

COMPLAINT

11. In or about October 2006, Dianne Benvenista left the company to return to Travelers Insurance. At this time Beverly Williamson ("Williamson") became JUDKINS's supervisor.

12. Throughout 2007, JUDKINS was in and out of the hospital dealing with his kidney failure.

13. On March 1, 2007 Williamson put JUDKINS on a Performance Improvement Plan ("PIP") due to allegedly unsatisfactory attendance.

14. On March 8, 2007, JUDKINS responded to the PIP and stated in relevant part:

> Attendance – The problem comes from a medical problem that I have mentioned to both my supervisors and Beverly Williamson in the past. When ever the doctor would increase or make any changes to my medication it would take me a few days to adjust to the new dosage.

15. On June 22, 2007, Lori Gomez informed JUDKINS that his PIP would be removed from his file and be changed to a verbal warning.

16. On September 13, 2007 JUDKINS was given a poor performance review by Williamson. By the time the review had been delivered to JUDKINS, Williamson was terminated from the company falsification of company documents.

17. On January 16, 2008, JUDKINS began treatment for significant physical disability: end stage renal failure, which required hemodialysis three days per week for nearly four hours each session, along with complications that can come from extended long-term dialysis.

18. On May 2, 2008, JUDKINS was informed that as a result of his outstanding performance in 2008 he would receive a bonus payout for 2007. JUDKINS was ranked a Strong Contributor for his 2007 Performance Evaluation, by his immediate supervisor Vivian Sanchez. Ms. Sanchez was very sensitive to JUDKINS kidney condition as a result from her mother suffering from the same condition. Ms. Sanchez was very accommodating to JUDKINS' requests for leave.

19. On March 19, 2009, JUDKINS was informed that as a result of his outstanding performance in 2008 he would receive a bonus payout for 2008.

20. On March 25, 2009, JUDKINS provided his employer with a FMLA medical certification as a result of is end-stage kidney disease, which required in center hemodialysis three times a week for four hours a day, along with recovery time.

21. Due to his severe kidney condition JUDKINS was not able to work between July 5, 2009, and October 5, 2009. On August 29, 2009 JUDKINS submitted a FMLA certification for time off related to his kidney condition. In late 2009, Vivian Sanchez's employment with GEOVERA was terminated.

22. In or about January of 2010, Lori Costa ("Costa") became JUDKINS' supervisor. From the outset, Costa continually and repeatedly questioned JUDKINS concerning his attendance and his dialysis.

23. During 2010 Costa began to carbon-copy Roxie Bosman on all of her reprimands to JUDKINS concerning his attendance and performance.

24. On February 18, 2010, JUDKINS was approached by Costa regarding his unexcused absences. During the meeting Costa rudely asked JUDKINS whether or not his absence was due to his medical condition. JUDKINS became very upset by Costa's insinuation that he was lying about his absence and objected to Costa asking him questions concerning his protected leave.

25. On February 23, 2010 Costa gave JUDKINS a verbal warning for his attendance issues. Thereafter, JUDKINS met with Bosman about his attendance issues. Due to his severe kidney condition JUDKINS was absent March 8, 10, 25, 26, 30, and 31, 2010.

26. On March 12, 2010, JUDKINS was informed that as a result of his outstanding performance in 2009, he would receive a bonus payout for 2009.

5

COMPLAINT

27. On April 2, 2010, JUDKINS was absent again due to his medical condition. That same day Roxie Bowman ("Bowman") in Human Resources requested an updated medical certification on file stating that due to a medical condition there is a need for intermittent leave (FML) or for any other kind of FML. Bowman stated in relevant part: "[g]oing forward any unscheduled absences will not be considered a FML absence unless we receive a doctor's note reflecting the need for the leave."

28. On April 6, 2010, JUDKINS and Bowman spoke about how JUDKINS' medical condition could be complicated and how it affects his absences. On April 30, 2010, JUDKINS provided another FMLA medical certification to his employer.

29. Sometime in 2010 Costa was terminated from GEOVERA. Thus, in the first 4 years of his employment with GEOVERA, each and every on of JUDKINS supervisors had been either terminated or quit the company. After Costa left, the company did not hire another supervisor but instead utilized team leads who reported directly to manager Gail Megdadi ("Megdadi"). The two team leads were Jamie Ford and Susie Lindbloom.

30. On January 5, 2011, JUDKINS provided his employer with an FMLA medical re-certification as a result of is end-stage kidney disease, which required in-center hemodialysis three times a week for four hours a day, along with recovery time. This was a re-certification for JUDKINS'S continuing disability.

31. On February 24, 2011, JUDKINS had a "Documented Discussion" with his Manager Megdadi. Megdadi stated in relevant part: "recently there have been observations and feedback that you do not consistently provide full, accurate, or complete assistance to the caller in the manner that is expected of you as an experienced, licensed insurance agent." Megdadi went on to state, "James your telephone skills are generally good. However, you can be inflexible and appear to shut down when the individual caller becomes upset or difficult. Occasionally, it

appears from the responses you've provided that you are taking the shortest route and rushing to get off the call. A few such calls have escalated to management due to the inability to address the callers issues." Megdadi also instructed JUDKINS that, "[i]t is a requirement of your job as a customer service representative for GEOVERA to immediately respond to customer requests and concerns and to anticipate their needs in professional manner." Megdadi recommended in part that JUDKINS: "[f]ind out what the customer wants – In some of the calls I listen to, you tend to try to resolve the situation before listening to the issue. Ask early on what it is that the customer wants; offer an alternative even it's one that they may not necessarily agree with. Focus on the solution; not how the problem originated." When Mr. JUDKINS later followed this direction, he was fired.

32.     On March 11, 2011, JUDKINS was informed that as a result of his outstanding performance in 2010 he would receive a bonus payout for 2010. In JUDKINS' 2010 performance evaluation in which he had an overall satisfactory score, his manager stated in relevant part: "[o]cassionally, he has been asked to be the go to person while the leads or manager is away from the office." The reviewing manager also stated: "James has been recognized by several customers for providing excellent customer service." "James is viewed by many of his peers as a role model."

33.     On Friday, March 25, 2011, JUDKINS got a call from a frantic insurance broker whose client's policy had lapsed. The broker's client Joseph Lynch had an earthquake insurance policy with GEOVERA since they year 2000. A few days before the call Lynch received an amended renewal letter. Pursuant to the policy, in order for the policy to renew Mr. Lynch was required to make a payment by the renewal date. Mr. Lynch had failed to do so. The next day Lynch received a cancellation notice. As a result of Lynch's nonpayment his application would have to be processed as a new business application.

7

COMPLAINT

34. Heeding Megdadi's February written warning, JUDKINS did not escalate the issue, but did his utmost to resolve the issue. The broker explained that her client need $1,587,000 in insurance coverage. GEOVERA's new business maximum is $1,500,000. Mr. JUDKINS, in the course of his duty to provide excellent customer service to the broker with whom he was dealing, made adjustments to computer screens which generated insurance quotes within the GEOVERA system for earthquake insurance. In order to get the application process rolling to avoid any further delays in insurance coverage JUDKINS made adjustments to the application to assist the customer to bring the value below the underwriting threshold for "new business". JUDKINS explained this to the broker as follows: "So we can give him a quotation and so he can decide if he wants to purchase it. Once it comes back through processing, it's possibility it will pick up the corrections and make the necessary corrections and then send him a bill for the additional coverage." The broker ended the call with "God love you."

35. As part of his effort to resolve the issue presented by the March 25 call, Judkins based his customer service on GEOVERA's pattern and practice of allowing users of its on-line application service to adjust different variables up or down to see whether the variables will increase or decrease the premium.

36. As part of GEOVERA's pattern and practice of allowing the general public, brokers, and its customers to state different square footages, the number of bedrooms, different building materials and the like on properties previously underwritten by GEOVERA, GEOVERA had an ongoing business practice of allowing numerous quotes to be made before the system "locked-out" the user, requiring human customer-service representation. Despite enabling misstatements of square footage, building materials, numbers of bathrooms, and the like by allowing numerous quotes to be made by an individual user in its on-line application process, GEOVERA nevertheless permitted and enabled such misstatements by the users.

8

COMPLAINT

37. Upon information and belief, GEOVERA has a pattern and practice of retaining the user logs containing the on-line misstatements and misrepresentations for an indefinite amount of time; thereby maintaining this evidence for later use to deny coverage. Upon information and belief, GEOVERA not only tolerates such misstatements and misrepresentations, it enables them and retains the evidence of the the misstatements and outright factual misrepresentations in order to deny coverage at a later date.

38. On March 31, 2011, Roxie Bosman, informed JUDKINS that GEOVERA was terminating his employment for doing precisely what GEOVERA enabled the public, the policyholders, and the brokers of record to do: "put inaccurate property details in company records when he had the accurate information available to him. He falsified company records." JUDKINS asked Bosman to put her statements in writing. Bosman refused to do so after consulting GEOVERA's employment attorneys.

39. On March 31, 2011, Customer Service Lead, Jamie Ford, stated that termination was not the right thing.

40. On April 1, 2011, GEOVERA terminated JUDKINS's employment. In a final act of irony, after JUDKINS' employment was terminated, the customer, Mr. Lynch's insurance policy was reinstated. In fact, Mr. Lynch was insured by Geovera for a decade prior to Mr. Judkin's assistance and is an insured today, the same property, the same risk, the same square footage.

41. At all times material here, excluding a portion of the time when he was out on voluntary medical and FMLA leave, Plaintiff has been able to perform the essential functions of the position he held with Defendants, with reasonable accommodation.

42. Plaintiff requested reasonable accommodation of his disabilities from Defendants, and each of them, in the form of a reduced work schedule and/or recuperative leave. Allowing

9

COMPLAINT

Plaintiff to take the medical and/or recuperative leave that he requested would have been a reasonable accommodation of Plaintiff's disabilities.

43. Accommodating Plaintiff's position would not have been unduly burdensome for GEOVERA.

44. Defendants, and each of them, have taken adverse employment actions against Plaintiff, willfully and intentionally creating a hostile work environment, subjecting him to disparate treatment, unwarranted criticism and reprimands, interference with and denial of his right to medical leave, refusing to engage in good faith in an interactive process and denying him reasonable accommodation because of his protected characteristics and/or activities alleged herein.

45. As a result of Defendants' acts and omissions alleged herein, Plaintiff has suffered pecuniary losses, such as loss of wages and benefits, and has been required to incur medical and legal expenses and to hire attorneys in order (i) to enforce Plaintiff's rights, (ii) to enforce provisions of the law protecting employees who exercise their right to medical leave under CFRA, FMLA, and ADA, and employees with disabilities that need reasonable accommodation, and (iii) to take such action both in his own interest and in order to enforce important rights affecting the public interest.

46. Defendants, and each of them, terminated Plaintiff's employment on a pretextual basis.

47. The acts and omissions of Defendants, and each of them, alleged herein are despicable, oppressive and were done in conscious disregard of the rights of individuals, such as Plaintiff, and have evidenced actual or implied malicious intent toward Plaintiff, thereby entitling him to an award of punitive damages in an amount sufficient to make an example of Defendants and discourage others from conscious disregard for the rights of individuals.

COMPLAINT

48. As a further result of Defendants' acts and omissions alleged herein, Plaintiff has suffered and continues to suffer non-economic damages, such as emotional distress, anxiety, humiliation, and loss of reputation.

49. The acts and omissions of Defendants, and each of them, alleged herein were and are a substantial factor in causing Plaintiff's harm.

50. Plaintiff has mitigated his damages by seeking and maintaining medical and psychiatric treatment and by seeking alternative employment.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION
**[(1) Americans with Disabilities Act of 1990 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166)]**

51. Plaintiff alleges this second and separate claim for violations 42 U.S.C. 12203(A), et seq., against Defendants GEOVERA and DOES 1 through 10, inclusive.

52. Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 49 above, inclusive.

53. At all times material hereto, the ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

54. Defendant GEOVERA is a "covered employer" under the ADA by virtue of employing more than 15 persons.

55. At all times material hereto, the ADA defines "a qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform

11

COMPLAINT

the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

56. Plaintiff, when reasonably accommodated for his dialysis and recovery time, was able to competently perform the essential functions of his position at GEOVERA.

57. At all times material hereto, the ADA defines a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

58. Plaintiff has a physical impairment; i.e., late stage kidney failure, that substantially limits all his major life activities by requiring frequent dialysis.

59. At all times material hereto, Plaintiff was regarded by management at GEOVERA has having a physical impairment that substantially limits his major life activities.

60. GEOVERA, as part of a systemic pattern and practice of hostility and discriminatory intent against persons with disabilities and "sick people", discriminated against Plaintiff in the terms and conditions of his employment with GEOVERA by terminating his employment.

61. As a result of GEOVERA's intentional discrimination and its systemic pattern and practice demonstrating a discriminatory animus against persons with disabilities and "sick people" Plaintiff has suffered loss of pay and benefits, loss of earning capacity, and general damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

**SECOND CAUSE OF ACTION**
**[Retaliation (42 U.S.C. 12203(A)]**
**(Against Defendants GEOVERA and DOES 1 through 10, inclusive.)**

62. Plaintiff alleges this second and separate claim for violations 42 U.S.C. 12203(A), et seq., against Defendants GEOVERA and DOES 1 through 10, inclusive.

COMPLAINT

63. Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 61 above, inclusive.

64. At all material times herein, 42 U.S.C. 12203(A) prohibits any person from discriminating, discharging, or retaliating against an employee because such employee has opposed an act of the employer made unlawful by the ADA.

65. Defendants, and each of them, retaliated against Plaintiff for exercising exercising his rights to be accommodated for his disability and his complaints that GEOVERA was unlawfully questioning the basis of his requested accommodation, including denying him a medically necessary accommodations in work schedule; questioning his use of leave to accommodate his disability; and terminating his employment.

66. Plaintiff's complaints were a motivating reason for Defendants' adverse treatment Plaintiff.

67. Plaintiff has suffered damages due to Defendants' retaliation, including back pay, front pay, loss of earning capacity and general damages.

68. The acts complained of herein were done with an intent to harm Plaintiff, to harass, vex, and annoy him, entitling Plaintiff to punitive damages.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

### THIRD CAUSE OF ACTION
### DISCRIMINATION BASED ON DISABILITY
[Disability Discrimination in Violation of Gov't Code § 12940(a)]
(Against Defendants GEOVERA and DOES 1 through 10, inclusive)

69. Plaintiff alleges this sixth and separate claim for Disability Discrimination in violation of Government Code § 12940(a) against Defendant GEOVERA and DOES 1 through 10, inclusive.

COMPLAINT

70. Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 68 above, inclusive. 183. The FEHA prohibits discrimination on the basis of disability in employment.

71. Defendants, and each of them, through their course of conduct denied Plaintiff a benefit of employment, in whole or in part, because he is an individual with known disabilities in violation of Government Code 12940(a) and 2 C.C.R. §7293.7. 185.

72. In addition to the adverse actions alleged above, Defendants, and each of them, discriminated against Plaintiff, denied him reasonable accommodation, and refused to engage in good faith in an interactive process because of his known disabilities.

73. Plaintiff has suffered damages due to Defendants' retaliation, including back pay, front pay, loss of earning capacity and general damages.

74. The acts complained of herein were done with an intent to harm Plaintiff, to harass, vex, and annoy him, entitling Plaintiff to punitive damages.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

**FOURTH CAUSE OF ACTION**
**(Failure to Provide Reasonable Accommodation in Violation of Gov't Code § 12940(m))**
**(Against Defendant GEOVERA and DOES 1 through 10, inclusive)**

75. Plaintiff alleges this seventh and separate claim for Failure to Provide Reasonable Accommodation in violation of Government Code § 12940(m) against Defendant GEOVERA and DOES 1 through 10, inclusive.

76. Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 74 above, inclusive.

77. Defendants, and each of them, failed to provide reasonable accommodation of Plaintiff's known disabilities in violation of Section 12904(m) of the Government Code and 2 C.C.R. §

14

COMPLAINT

7293 by failing to allow Plaintiff sufficient time to recover from dialysis as provided for by his treating physician.

78. Pursuant to 2 C.C.R. § 7297.2(a), CFRA requires that upon granting of leave, an employer shall guarantee to reinstate an employee to the same or comparable position, and must do so unless refusal to reinstate is "justified" by the defenses stated in 2 C.C.R. § 72972(c).

79. At all material times herein, GEOVERA lacked "justification" pursuant to 2 C.C.R. § 7297.7(c) for refusing to accommodate Plaintiff in his use of intermittent medical leave.

80. As a direct and proximate result of Defendant's failure to provide a reasonable accommodation of Plaintiff's known disabilities, Plaintiff has suffered damages in the form of lost pay, including benefits and bonuses, loss of earning capacity, and emotional distress.

81. The acts complained of herein were done with an intent to harm Plaintiff, to harass, vex, and annoy him, entitling Plaintiff to punitive damages.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

### FIFTH CAUSE OF ACTION
**(Failure to Engage In Interactive Consultation In Violation of Gov't Code § 12940(n))**
**(Against Defendants GEOVERA and DOES 1 through 10, inclusive)**

82. Plaintiff alleges this Fifth and separate claim for Failure to Engage in Good Faith in an Interactive Consultation in violation of Government Code § 12940(n) against Defendant GEOVERA and DOES 1 through 10, inclusive.

83. Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 81 above, inclusive.

84. Defendants, and each of them, failed to engage in good faith in a prompt, ongoing, interactive consultation regarding reasonable accommodation of Plaintiff's disabilities in violation of Section 12940(n) of the Government Code.

15

COMPLAINT

85. As a direct result of Defendants' failure to engage in a good faith prompt, ongoing, and interactive consultation regarding reasonable accommodations of Plaintiff's disabilities, Plaintiff suffered the termination of his employment, loss of wages, bonuses, and benefits, and has suffered general damages, including but not limited to emotional distress.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

### SIXTH CAUSE OF ACTION
### RETALIATION
### [Gov't Code §§ 12945.1, et seq; 2 C.C.R. § 7297.7(a)]

86. Plaintiff alleges this sixth and separate claim for violations of California Government Code Section 12945.1 et. seq. against Defendant GEOVERA, and DOES 1 through 10, inclusive, and each of them.

87. Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 85 above, inclusive.

88. Defendant GEOVERA terminated Plaintiff's employment shortly after he complained that his leave under the California Family Rights Act and/or the Family Medical Leave Act were being unlawfully impeded by GEOVERA.

89. Plaintiff's complaints to GEOVERA concerning GEOVERA's interference with his use of protected leave under the CFRA and/or FMLA constituted a protected activity.

90. In retaliation for Plaintiff's use of protected leave and complaints concerning the unlawful interference with Plaintiff's use of protected leave, and as part of its ongoing and systemic patten and practice of discrimination and retaliation against employees using protected leave, GEOVERA subjected Plaintiff to an adverse employment action; to wit, termination.

91. As a direct and proximate result of the foregoing, Plaintiff suffered loss of wages, bonuses, and benefits, loss of earning capacity, and general damages including emotional distress.

COMPLAINT

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. Reinstatement to his former position and reimbursement for lost wages and work benefits caused by the acts of his employer pursuant to Section 12965 of the Government Code.

2. Recovery of all reasonable attorneys' fees, litigation expenses and costs incurred, pursuant to Section 12965 of the Government Code, 29 U.S.C. § 2617(a)(3) [ADA], and 42 U.S.C. § 1988.

3. That Defendant GEOVERA be required to comply with all of the provisions of the FEHA relating to providing reasonable accommodation and engaging in good faith in an interactive consultation regarding reasonable accommodation [Government Code §§ 12940 (m) & (n)].

4. That Defendant GEOVERA be required to provide training to the managerial staff at GEOVERA regarding compliance with Sections 12940(m) and (n) of the California Government Code.

5. General and compensatory damages according to proof.

6. Punitive damages against Defendants pursuant to §3294 California Civil Code, the ADA and FEHA;

7. Pre-judgment interest pursuant to §3291 of the California Civil Code;

8. For reasonable attorneys' fees as provided by law;

8. For such other and further relief as the court may deem proper.

Dated: November 8, 2011                    LAW OFFICES OF SPENCER F. SMITH

                                           DOW W. PATTEN, Of Counsel
                                           Attorneys for Plaintiff

17

COMPLAINT

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury for all issues and claims triable as of right by a jury.

DATED: 11/8/11

                LAW OFFICES OF SPENCER F. SMITH

                _____
                DOW W. PATTEN, Of Counsel
                Attorneys for Plaintiff

COMPLAINT